OPINION
Defendant, Forrest Boddie, appeals from his conviction and sentence for aggravated robbery.
Defendant was charged by complaint in juvenile court with being delinquent by reason of having committed five aggravated robberies in violation of R.C. 2911.01(A)(1). A firearm specification was attached to each charge per R.C. 2941.145.
The State filed a motion asking the juvenile court to relinquish jurisdiction and transfer the case to the general division of the common pleas court to permit Defendant to be tried as an adult. Following a probable cause hearing, the juvenile court granted the State's motion with respect to three counts of aggravated robbery and transferred the case to adult court pursuant to R.C. 2151.26(B)(4)(b).
Subsequently, a bill of information was filed charging Defendant with three counts of Aggravated Robbery in violation of R.C 2911.01(A)(1). Defendant entered a plea of guilty to all three counts and was sentenced by the trial court to three years imprisonment on each count, with counts two and three to be served concurrent with each other but consecutive to count one.
Defendant has timely appealed to this court from his conviction and sentence. His only challenge is to the Juvenile Court's decision to transfer this case to adult court.
ASSIGNMENT OF ERROR
 THE JUVENILE COURT ABUSED ITS DISCRETION BY APPLYING THE MANDATORY TRANSFER TO THE APPELLANT WITHOUT THE STATE SHOWING THAT THE APPELLANT HAD AN OPERABLE FIREARM.
R.C. 2151.26(B) requires the juvenile court to transfer a case to adult court under certain circumstances. That section provides, in relevant part:
 (B) After a complaint has been filed alleging that a child is a delinquent child for committing an act that would be an offense if committed by an adult, the court at a hearing shall transfer the case for criminal prosecution to the appropriate court having jurisdiction of the offense if the child was fourteen years of age or older at the time of the act charged, if there is probable cause to believe that the child committed the act charged, and if one or more of the following applies to the child or the act charged:
* * *
 (4) The act charged is a category two offense, other than a violation of section 2905.01 of the Revised Code, the child was sixteen years of age or older at the time of the commission of the act charged, and either or both of the following apply to the child:
* * *
 (b) The child is alleged to have had a firearm on or about the child's person or under the child's control while committing the act charged and to have displayed the firearm, brandished the firearm, indicated possession of the firearm, or used the firearm to facilitate the commission of the act charged.
Defendant was charged in juvenile court with committing acts that if committed by an adult would constitute aggravated robbery in violation of R.C. 2911.01(A)(1), which states:
 No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following:
 (1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it.
Deadly weapon is defined in R.C. 2923.11(A):
 "Deadly weapon" means any instrument, device, or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried, or used as a weapon.
Defendant was specifically charged with committing robberies through use of a gun. Because there is no allegation or evidence that Defendant used or threatened to use the gun as a bludgeon during the robberies, the gun constitutes a deadly weapon only if it was a "firearm." State v. Nelson (August 18, 1995), Montgomery App. No. 14775, unreported. Firearm is defined in R.C. 2923.11(B):
 (B)(1) "Firearm" means any deadly weapon capable of expelling or propelling one or more projectiles by the action of an explosive or combustible propellant. "Firearm" includes an unloaded firearm, and any firearm that is inoperable but that can readily be rendered operable.
 (2) When determining whether a firearm is capable of expelling or propelling one or more projectiles by the action of an explosive or combustible propellant, the trier of fact may rely upon circumstantial evidence, including, but not limited to, the representations and actions of the individual exercising control over the firearm. (Emphasis supplied.)
The juvenile court concluded after a hearing that there was probable cause to believe that Defendant had a firearm on or about his person or under his control during these alleged robberies and that Defendant displayed or brandished that firearm. Accordingly, the juvenile court relinquished jurisdiction and transferred this case to adult court pursuant to R.C. 2151.26(B)(4)(b).
Defendant argues that the requirements of R.C. 2151.26(B)(4)(b) were not met and the juvenile court abused its discretion in transferring this case to adult court because the State failed to prove by either direct or circumstantial evidence that the gun used during the robberies was "operable," and therefore a "firearm." While we agree with Defendant that there was no direct evidence that the gun was operable, there was nevertheless sufficient circumstantial evidence presented to permit the trier of fact to reasonably infer that the gun used was operable. Accordingly, we will affirm the judgment of the juvenile court transferring this case to adult court.
In proving that a deadly weapon constitutes a firearm, the State need not produce the gun or offer direct, empirical evidence that the gun is operable, that is, capable of expelling or propelling a projectile via an explosive or combustible propellant. State v. Murphy (1990),49 Ohio St.3d 206. Proof of operability can be established by lay witnesses who were in a position to observe the instrument and the circumstances surrounding the crime. Id.
Circumstantial evidence including the representations and actions of the person exercising control over the gun may also be relied upon. R.C.2923.11(B)(2). For example, displaying a gun during a robbery coupled with an explicit threat to shoot and kill the victim if the perpetrator's demands for money are not met is sufficient circumstantial evidence to permit a reasonable inference that the gun used during the robbery was operable. Murphy, supra. Moreover, pointing a gun at a robbery victim, even without an explicit threat to use it, constitutes an implicit threat sufficient to infer that the gun is operable. State v. Nelson (August 18, 1995), Montgomery App. No. 14775, unreported.
With respect to the robbery at the Kwik and Kold drive through in Huber Heights, Ohio, on July 14, 2000, the evidence demonstrates that the victim, Donald Speck, observed Defendant pull a ski mask down over his face and then pull the slide back, cocking the handgun Defendant held. Speck described the gun as a .22 or .25 caliber chrome plated handgun. Defendant pointed the gun at Speck and threatened to shoot him if Speck did not give Defendant all the money he had. Defendant then counted down from five and pulled the trigger whereupon Speck heard a "click." Defendant later admitted to police that he pointed a gun at Speck and pulled the trigger. Defendant claimed that there was no clip in the gun and that it couldn't fire. The totality of these facts and circumstances are sufficient to give rise to a reasonable inference that the gun used during the robbery was operable. Murphy, supra.
With respect to the August 18, 2000, robbery at Liberty Bank in Huber Heights, Ohio, Ben Hardin, one of the victims, testified that when his money came out of the ATM machine Defendant approached him and demanded the money. Defendant also demanded that Hardin and his passenger, Jamie Smith, surrender their wallets. Defendant had a silver handgun that he pointed at Hardin. Defendant later admitted to police that he used a gun during the robbery, but he claimed the gun was not loaded.
Although Defendant did not make any explicit threat to shoot his robbery victims, Defendant's actions in pointing a silver handgun at the victims during this robbery demonstrates an implicit threat sufficient to permit the trier of fact to reasonably infer that the gun used during this robbery was operable. State v. Dixon (1995), 71 Ohio St.3d 608; State v. Thompkins (1997), 78 Ohio St.3d 380; State v. Nelson, supra.
An abuse of discretion connotes more than a mere error of law or an error in judgment. It implies an arbitrary, unreasonable, unconscionable attitude on the part of the court. State v. Adams (1980),62 Ohio St.2d 151. Given the totality of the circumstantial evidence presented in this case, the juvenile court clearly did not abuse its discretion when it found probable cause to believe that Defendant had used an operable firearm during these robberies, and transferred this case to adult court pursuant to R.C. 2151.26(B)(4)(b).
The assignment of error is overruled. The judgment of the trial court will be affirmed.
BROGAN, J. and YOUNG, J., concur.